UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREL TAYLOR, KEVIN LEWIS, DARRELL BURKHART, and LEEVERTIS PAGE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>- against -<br><br>THE SALVATION ARMY NATIONAL CORPORATION, and THE SALVATION ARMY d/b/a CENTRAL TERRITORY OF THE SALVATION ARMY,<br><br>                Defendant. | Case No. 1:21-cv-06105<br><br>Honorable John Robert Blakey |

## DEFENDANTS' RULE 12(b)(1), (2), AND (6) MOTION TO DISMISS THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), Defendants The Salvation Army National Corporation ("National Corporation") and The Salvation Army, an Illinois corporation[1] ("Illinois Corporation") (together, "Defendants") move to dismiss the complaint filed by plaintiffs Darrell Taylor, Kevin Lewis, Darrell Burkhart, and Leevertis Page ("Named Plaintiffs"), and all others similarly situated.

As set forth more fully in the accompanying memorandum, the grounds for this motion to dismiss are as follows:

1.      Defendant the National Corporation moves to dismiss the complaint as asserted against it under Rule 12(b)(2) for lack of personal jurisdiction because the National Corporation has

---

[1] The complaint incorrectly identifies Defendant The Salvation Army, an Illinois corporation as "The Salvation Army d/b/a Central Territory of The Salvation Army."

1

no material contacts with Illinois.[2] The putative Nationwide classes, as asserted in the complaint, should likewise be stricken because those classes bring claims against the National Corporation only.

2. Defendant the National Corporation moves to dismiss the complaint pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted because Named Plaintiffs fail to plead facts showing that the National Corporation made any of the alleged "threats" upon which their complaint is based, nor do they plead facts showing that the National Corporation knew of such "threats" or should have known of such "threats." The complaint does not allege facts showing that the National Corporation participated in any "forced labor" venture.

3. Defendants move to dismiss Count One of the complaint, which is brought against the Illinois Corporation only, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The complaint does not validly plead an underlying forced labor claim (Count One) under 18 U.S.C. 1589(a) against either Defendant, as Named Plaintiffs fail to plead facts showing that they performed "labor or services" as contemplated by the TVPRA or that the Illinois Corporation engaged in any of the unlawful means of coercion as delineated by the statute. Named Plaintiffs also fail to plausibly allege the necessary elements of their TVPRA claim, including that any of the vague "threats" upon which their complaint is based actually *caused* them to work at the Illinois Corporation's Adult Rehabilitation Centers, that any of them suffered serious harm, or that Defendants engaged in any conduct that constitutes an abuse of law.

4. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) because Named Plaintiffs have failed to plead facts establishing Article III standing for their underlying forced labor claim. Specifically, the allegations in the complaint fail to link Named

---

[2] With this motion, Defendants submit the Declarations of Kenneth O. Johnson, Jr. ("Johnson Decl.") and Randall Polsley ("Polsley Decl."), which show that this Court lacks personal jurisdiction over the National Corporation.

Plaintiffs' alleged "work" at the Illinois Corporation's Adult Rehabilitation Centers to any purported "threats," which dooms Article III standing for their underlying forced labor claim.

5.      Defendants move to dismiss Counts Two through Five of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Counts Two through Five are derivative claims and require a valid underlying forced labor claim to proceed. Named Plaintiffs have not alleged a valid underlying forced labor claim here, and so the complaint must be dismissed in its entirety.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6), and award them any other relief that the Court deems just and equitable.

Dated: January 7, 2022

Respectfully submitted,

s/ Amy M. Gibson
Amy M. Gibson, ARDC # 6293612
agibson@agdglaw.com
ARONBERG GOLDGEHN
330 North Wabash Avenue – Suite 1700
Chicago, Illinois  60611
312-828-9600


Thomas P. Gies
tgies@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2690

Admitted *pro hac vice*
Attorneys for Defendants