# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREL TAYLOR, CHARLES LUCAS, KEVIN LEWIS, DARRELL BURKHART, and LEEVERTIS PAGE, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>- against -<br><br>THE SALVATION ARMY NATIONAL CORPORATION, and THE SALVATION ARMY d/b/a CENTRAL TERRITORY OF THE SALVATION ARMY,<br><br>  Defendant. | Case No. 1:21-cv-06105<br><br>Honorable John Robert Blakey |

### DEFENDANTS' RULE 12(b)(1), (2), AND (6) <u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), Defendants The Salvation Army National Corporation ("National") and The Salvation Army, an Illinois corporation[1] ("Central") (together, "Defendants") move to dismiss the First Amended Complaint ("FAC") filed by plaintiffs Darrell Taylor, Charles Lucas, Kevin Lewis, Darrell Burkhart, and Leevertis Page ("Plaintiffs"), and all others similarly situated.

As set forth more fully in the accompanying memorandum, the grounds for this motion to dismiss are as follows:

1.     Defendant National moves to dismiss the FAC as asserted against it under Rule 12(b)(2) for lack of personal jurisdiction because National has no material contacts with Illinois.[2]

---

[1] The complaint incorrectly identifies Defendant The Salvation Army, an Illinois corporation as "The Salvation Army d/b/a Central Territory of The Salvation Army."

[2] With this motion, Defendants also submit the Declarations of Kenneth O. Johnson, Jr. ("Johnson Decl.") and Randall Polsley ("Polsley Decl.").

1

The Court furthermore should reject any suggestion that Central's jurisdictional contacts can be imputed to National. The putative Nationwide classes, as asserted in the FAC, should likewise be stricken because those classes bring claims against National only.

2. Defendant National moves to dismiss the FAC pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiffs fail to plead facts showing that National made any of the alleged "threats" upon which their FAC is based, nor do they plead facts showing that National knew of such "threats" or should have known of such "threats." The FAC does not allege facts showing that National participated in any "forced labor" venture.

3. Defendants move to dismiss Count One of the FAC, which is brought against Central only, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The FAC does not validly plead an underlying forced labor claim (Count One) under 18 U.S.C. 1589(a) against either Defendant, as Plaintiffs fail to plead facts showing that they performed forced "labor or services" as contemplated by the TVPRA or that Central engaged in any unlawful "threats" or unlawful coercion as delineated by the statute. Plaintiffs also fail to plausibly allege that any of the vague "threats" upon which the FAC is based actually caused them to "work" at Central's Adult Rehabilitation Centers.

4. Defendants move to dismiss Count One of the FAC pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs have failed to plead facts establishing Article III standing for their underlying forced labor claim. Specifically, Plaintiffs do not allege that any of the vague "threats" actually caused them to "work" at Central's Adult Rehabilitation Centers, which dooms Article III standing for their underlying forced labor claim.

5. Defendants move to dismiss Counts Two through Five of the FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Counts Two through Five are derivative claims and require a valid underlying forced labor claim to proceed.

Plaintiffs have not alleged a valid underlying forced labor claim here, and so the FAC must be dismissed in its entirety.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6), and award them any other relief that the Court deems just and equitable.

Dated: February 18, 2022

Respectfully submitted,

s/ Amy M. Gibson
Amy M. Gibson, ARDC # 6293612
agibson@agdglaw.com
ARONBERG GOLDGEHN
330 North Wabash Avenue – Suite 1700
Chicago, Illinois 60611
312-828-9600

Thomas P. Gies
tgies@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2690
Admitted *pro hac vice*

Attorneys for Defendants