UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL TAYLOR, CHARLES LUCAS, KEVIN LEWIS, DARRELL BURKHART, and LEEVERTIS PAGE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE SALVATION ARMY NATIONAL CORPORATION, and THE SALVATION ARMY d/b/a CENTRAL TERRITORIAL OF THE SALVATION ARMY,<br><br>    Defendants. | Civil Action No. 1:21-cv-06105-JRB |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER BARRING JURISDICTIONAL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants The Salvation Army National Corporation ("National") and The Salvation Army, an Illinois corporation[1] ("Central") (together, "Defendants") move for a protective order barring plaintiffs Darrell Taylor, Charles Lucas, Kevin Lewis, Darrell Burkhart, and Leevertis Page (together, "Plaintiffs") from seeking jurisdictional discovery from Defendants, including the document requests served on January 19, 2022 and attached as Exhibit A to the Declaration of Thomas P. Gies, filed herewith.

As set forth more fully in the accompanying memorandum, Defendants seek a protective order because Plaintiffs have not established the pre-requisite *prima facie* case for personal jurisdiction over National that is required by Seventh Circuit law prior to jurisdictional discovery. As set forth in National's motion to dismiss pursuant to Rule 12(b)(2), National has

---

[1] The complaint incorrectly identifies Defendant The Salvation Army, an Illinois corporation as "The Salvation Army d/b/a Central Territory of The Salvation Army."

- 2 -

no material contacts with Illinois. ECF 33-1, 33-2. The Court furthermore should reject any suggestion that Central's jurisdictional contacts can be imputed to National. Accordingly, this court lacks either general or specific personal jurisdiction over National. Jurisdictional discovery is not automatically awarded in response to a defendant's Rule 12(b)(2) challenge – Plaintiffs are first required to establish a *prima facie* case for personal jurisdiction over National. They have not done so, nor can they. Accordingly, Defendants request a protective order barring jurisdictional discovery.

The Declaration of Thomas P. Gies, which accompanies this Motion, establishes that this motion is being made following the parties' compliance with the meet and confer requirements of this Court.

This motion is based upon this notice of motion and supporting memorandum of points and authorities; the Declaration of Thomas P. Gies and the exhibit attached thereto; the pleadings and papers on file in this case, including Defendants' motion to dismiss the First Amended Complaint, filed February 18, 2022 (ECF 33-1-4); all matters of which the Court can take judicial notice, and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

WHEREFORE, Defendants respectfully request that the Court grant their Motion for a Protective Order Barring Jurisdictional Discovery pursuant to Rule 26(c) and award them any other relief that the Court deems just and equitable.

Dated: February 18, 2022

/s/ Amy Gibson
Amy M. Gibson, ARDC # 6293612
agibson@agdglaw.com
Maryam Arfeen, ARDC #6316640
marfeen@agdglaw.com
ARONBERG GOLDGEHN

330 North Wabash Avenue – Suite 1700
Chicago, Illinois 60611
312-828-9600

Thomas P. Gies
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2690

Admitted *Pro Hac Vice*

Attorneys for Defendant